995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. HIRSCH, Petitioner-Appellant,
v.
William K. SUTER, Clerk of the United States Supreme Court,
Defendant-Appellee.
 No. 91-35687.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Hirsch appeals pro se the district court's dismissal of his petition seeking a writ of mandamus directing William K. Suter, the Clerk of the United States Supreme Court, to file Hirsch's petition for a writ of certiorari. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of mandamus relief for abuse of discretion, Davis v. United States, 961 F.2d 867, 878 (9th Cir.1992), cert. denied, 113 S.Ct. 969 (1993), and we affirm.
 
 
 3
 In April 1991, Hirsch sought to file a petition for writ of certiorari with the United States Supreme Court without paying a filing fee. Suter informed Hirsch that his petition would not be accepted unless accompanied by either a $300 filing fee or a motion for leave to proceed in forma pauperis. Hirsch informed Suter that he did not wish to proceed in forma pauperis but wanted the filing fee waived. Hirsch failed to submit either a filing fee or an in forma pauperis motion, and Suter refused to accept Hirsch's petition.
 
 
 4
 On June 24, 1991, Hirsch filed a petition for a writ of mandamus in the district court directing Suter to file Hirsch's petition. On June 26, 1991, the district court denied Hirsch's request for mandamus relief and dismissed Hirsch's action. Hirsch timely appeals.
 
 
 5
 The district court may grant mandamus relief to compel a United States officer to perform a duty if "(1) the plaintiff's claim is clear and certain; (2) the duty of the officer 'is ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986) (citation omitted). A trial court abuses its discretion by basing its decision "on clearly erroneous factual findings or an incorrect legal standard." Id.
 
 
 6
 The United States Supreme Court Rules require the Clerk of the Court to charge a $300 filing fee for a petition for a writ of certiorari. U.S.Sup.Ct.R. 38(a); 28 U.S.C. § 1911. The Rules also provide that a party desiring to proceed in forma pauperis, and thus avoid paying the filing fee, must file a motion for leave to proceed in forma pauperis. U.S.Sup.Ct.R. 39.1.
 
 
 7
 Here, Hirsch did not pay the filing fee or file an in forma pauperis motion. Accordingly, Suter did not have a plainly prescribed duty to file Hirsch's petition writ of certiorari. See U.S.Sup.Ct.R. 38 & 39.1. Thus, the district court did not abuse its discretion by denying Hirsch's petition for a writ of mandamus. See Fallini, 783 F.2d at 1345.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We find no evidence in the record that the district court acted impartially with respect to Hirsch's petition. Thus, it was not error for the district court not to recuse himself from the case. See 28 U.S.C. § 455(a-b). Also, we reject as irrelevant Hirsch's objections to the record on appeal